UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | 2:17-CR-131 |
| vs. | ) | |
| CHARLES KOERNER, | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

This matter is before the Court pursuant to 28 U.S.C. § 636 and standing orders of the District Court for a Report and Recommendation on Defendant's Motion to Suppress Statements, specifically statements made in a December 3, 2017, post-arrest interview with law enforcement officers [Doc. 81]. The Government filed a response advising that it does contest the motion and does not intend to offer the statements Defendant made on December 3, 2017, as evidence in its case in chief but that it may use the interview for impeachment purposes should Defendant testify [Doc. 83]. Given the stipulation by the United States, the Court RECOMMENDS the Motion [Doc. 81] be GRANTED.

Charles Koerner ("Koerner"), Zachary Strom ("Strom") and Aaron Turner ("Turner") are charged with conspiracy to obtain one or more firearms from a licensed firearms dealer via Strom and Turner, with Koerner's financial assistance, knowingly making false and fictitious written statements intended and likely to deceive the licensed firearms dealer as to a fact material to the lawfulness of such sales in violation of 18 U.S.C. § 922(a)(6) [Doc. 3, Count 1]. The acquisition of firearms by Strom and Turner allowed Koerner, who is not a licensed dealer of firearms, to engage in the business of dealing in firearms by selling firearms in violation of 18 U.S.C. § 922(a)(1)(A). [*Id*., Count 2]. Lastly, Koerner, a person having been convicted of a crime

1

punishable by a term of imprisonment exceeding one year, was charged with knowing possession of twenty-one (21) firearms in violation of 18 U.S.C. § 922(g)(1). [*Id.*, Count 5].

Koerner's motion, which is supported by a memorandum [Doc. 82], alleges that immediately following his arrest on December 3, 2017, he executed a *Miranda* form which advised him of his rights under *Miranda v. Arizona,* 384 U.S. 436 (1966). He then claims that he requested counsel if this were a federal case, but that the interrogation did not cease after his request for counsel. Because the Government does not intend to offer the interview as evidence in its case in chief, the motion is GRANTED. However, should Koerner testify and offer an inconsistent statement, the Government may use his interview for impeachment purposes [Doc. 83]. S*ee Oregon v. Haas,* 420 U.S. 714, 722, 95 S.Ct. 1215, 43 L.Ed.2d 570 (1975) (extending the use of unlawfully obtained statements for the limited purpose of impeaching a defendant's credibility). Thus, Koerner's interview statements are properly usable for impeachment purposes to challenge his trial testimony, if any.

For these reasons, the Court respectfully **RECOMMENDS** that Defendant's Motion to Suppress [Doc. 81] be **GRANTED** to the extent that Defendant's December 3, 2017, statement shall be inadmissible in the Government's case in chief.[1]

Respectfully submitted,

s/ Clifton L. Corker
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).